[ARMSTRONG, Judge.
This is an appeal from a motion for summary judgment in favor of the defendant. Also, the appellant has filed a motion for remand to receive additional evidence. That motion was referred to the merits (i.e. the present appeal) by a motions panel. We will consider and decide both the appeal on the merits and the motion. As we see no error in the trial court’s granting the motion for summary *92 judgment, and as we do not believe that the additional evidence will change the result, we will affirm the judgment of the trial court and deny the motion to remand.
On December 10, 1996, plaintiff Reshma Jethwani filed a petition in which she alleged that, about eight months earlier, defendant Kishore Motwani tricked | ¡>her into executing a document transferring certain stock of a corporation to him by misrepresenting the nature of that document. Jethwani also alleges that a loan, which the document recites as having been paid, was in fact not repaid. Jethwani’s petition seeks recision of the stock transfer and appointment of a temporary receiver over the corporation involved.
On November 21, 1997, about eleven months after suit was filed, Motwani filed a motion for summary judgment which was supported by affidavits and exhibits detailing the transfer of the stock including the stock transfer document complained of in the petition. Those motion papers show that the stock transfer document is a single letter-sized double-spaced typed page and can be quickly read and reasonably understood to transfer the stock at issue. Also, the motion papers establish that Jethwani turned over the stock certificate for the stock at issue which fact makes it hard to conceive of how Jethwani could have not understood that she was transferring the stock. Moreover, the motion papers establish that, days after Jethwani signed the stock transfer document at issue, Jethwani’s husband shipped the corporation’s documents, including its checkbook, to Mot-wani’s attorney. This certainly suggests that, at the time the stock transfer document was signed, Jethwani knew of its nature. The motion papers also establish that the complained of loan had been repaid. In sum, the motion for summary judgment was well-supported.
Jethwani filed no papers at all in opposition to the motion for summary judgment, despite the fact that the motion was not heard until about six weeks after it was filed, and her counsel (not her present counsel on appeal) made no |3appearance at the hearing on the hearing on the motion for summary judgment. No explanation nor excuse is made for the failure to oppose the summary judgment. No motion for new trial was filed.
Jethwani’s brief on appeal asserts that genuine issues of material fact precluded summary judgment. La.Code Civ. Proc. art. 966. But, we find no such factual issues in the summary judgment record. Jethwani argues that the allegations of her petition contradict the summary judgment papers. However, once a motion for summary judgment is made and properly supported, the opposing party may not rely upon the allegations of his or her pleadings. La.Code Civ. Proc. art. 967. Jeth-wani submitted no affidavits, discovery materials, etc. to create a genuine issue of material fact in response to the well-supported motion for summary judgment. Jethwani’s brief asserts that her petition was “verified” but, even assuming such verification to be relevant, examination of the petition shows that it is not verified. Apparently, Jethwani’s brief is referring to a document appearing in the record, but with a federal court caption, purporting to be a verification. However, the document is not under oath and is not an affidavit. Thus, there are no genuine issues of material fact.
Attached to the motion to remand is a purported settlement agreement purportedly among several parties including Jeth-wani and Motwani. However, the purported settlement agreement calls for the present suit by Jethwani against Motwani (and several other lawsuits among various persons) to be dismissed with prejudice. Therefore, even if the purported settlement agreement were received into evidence, it would not change the result in this case.
l4For the foregoing reasons, the judgment of the trial court is affirmed and the motion to remand is denied.

*93
AFFIRMED; MOTION TO REMAND DENIED.